## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ODDO, on behalf of himself and those similarly situated, <br> 326 Eyland Avenue <br> Succasuna, NJ 07876 <br><br> and <br><br> PHILIP BRUCATO, on behalf of himself and those similarly situated, <br> 1201 Schindler Lane <br> Wayne, NJ 07470 <br><br> and <br><br> MICHAEL LENNON, on behalf of himself and those similarly situated, <br> 370 Naughright Road <br> Long Valley, NJ 07853 <br><br>      Plaintiffs, <br><br> v. <br><br> BIMBO BAKERIES U.S.A. INC. <br> 255 Business Center Drive <br> Horsham, PA 19044 <br><br> and <br><br> JOHN DOES 1-10 <br><br>      Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA <br><br> INDIVIDUAL AND CLASS ACTION FOR VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW <br><br> No. <br><br> **JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

Christopher Oddo, Philip Brucato, and Michael Lennon (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendants Bimbo Bakeries U.S.A. Inc. and John Does 1-10 (hereinafter collectively referred to as "Defendants").

1

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and violations of the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and those similarly situated proper overtime compensation and failed to implement a system to track the number of hours worked each workweek in violation of the FLSA and the NJWHL.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

2

7. Named Plaintiff Christopher Oddo (hereinafter "Named Plaintiff Oddo") is an adult individual with an address as set forth in the above caption.

8. Named Plaintiff Philip Brucato (hereinafter "Named Plaintiff Brucato") is an adult individual with an address as set forth in the above caption.

9. Named Plaintiff Michael Lennon (hereinafter "Named Plaintiff Lennon") is an adult individual with an address as set forth in the above caption.

10. Defendant Bimbo Bakeries U.S.A. Inc. (hereinafter "Defendant Bimbo") is an entity with an address as set forth above operating in New Jersey and many other states.

11. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants that resulted in Defendants' failing to pay Named Plaintiffs and those similarly situated proper compensation pursuant to the FLSA and state wage and hour laws.

12. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and those similarly situated.

13. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. The foregoing paragraphs are incorporated herein as if set forth in full.

15. Named Plaintiffs bring this action for violations of the FLSA as a nation-wide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant Bimbo as Route Sales Representatives or

3

in similar positions who were subject to Defendants' unlawful pay practices and policies described herein at any point during the three (3) years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

16. Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

17. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

19. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

20. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

21. Named Plaintiffs brings their claims asserting violations of the New Jersey Wage and Hour Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of all persons presently and formerly employed by Defendants in New Jersey as Route Sales Representatives and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at

any point in the two years preceding the date the instant action was initiated (members of this putative class are referred to as "New Jersey Plaintiffs").

22. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over forty (40) employees.

23. Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all New Jersey Plaintiffs, were subject to the same unlawful wage policies and practices of Defendants.

24. Named Plaintiffs will fairly and adequately protect the interests of the putative class, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

25. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

27. A class action provides a fair and efficient method for adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual

members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether Defendants failed to pay proper overtime to Named Plaintiffs and New Jersey Plaintiffs for hours worked in excess of 40 per workweek; (2) whether Defendants had any good faith basis to conclude that their failure to pay Named Plaintiffs and New Jersey Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## **FACTUAL BACKGROUND**

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. From in or around 1993 through the present, Named Plaintiff Oddo has worked for Defendants as a Route Sales Representative at Defendants' depot in Kearney, New Jersey.

31. From in or around 1992 through the present, Named Plaintiff Brucato has worked for Defendants as a Route Sales Representative at Defendants' depot in Kearney, New Jersey.

32. From on or about January 28, 1986 through the present, Named Plaintiff Lennon has worked for Defendants as a Route Sales Representative at Defendants' depot in Wayne, New Jersey.

6

33. Named Plaintiffs' primary duties are driving delivery trucks along established routes and delivering and stocking Defendant Bimbo's products at national chain, local chain, and independent retailers.

34. During at least one workweek within the last three (3) years, Named Plaintiffs worked over 40 hours and also operated a truck weighing 10,000 pounds or less to deliver Defendant Bimbo's products to retailers.

35. Defendants compensate Named Plaintiff Oddo by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route..

36. Defendants compensate Named Plaintiff Brucato by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route.

37. Defendants compensate Named Plaintiff Lennon by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route.

38. Defendants do not pay Named Plaintiffs any additional compensation for hours worked beyond 40 per workweek.

39. Named Plaintiffs regularly work over 40 hours per workweek.

40. Defendants did not require Named Plaintiffs to have prior sales experience when they hired them.

41. At all times relevant, the amount of sales that Named Plaintiffs made to a retailer along their delivery routes was mainly determined by the volume of the retailer's sales to its customers since Named Plaintiffs' last delivery.

7

42. Named Plaintiffs do not have the authority to hire or fire employees of Defendants.

43. Named Plaintiffs do not have the authority to schedule employees of Defendants.

44. Named Plaintiffs do not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

45. Accordingly, Named Plaintiffs are, within the meaning of the FLSA and the NJWHL, non-exempt employees of Defendants.

46. Collective Plaintiffs and New Jersey Plaintiffs (hereinafter collectively referred to as "Class Plaintiffs") worked/work for Defendants as Route Sales Representatives.

47. Class Plaintiffs' primary duties were/are driving delivery trucks along established routes and delivering and stocking Defendant Bimbo' products at national chain, local chain, and independent retailers.

48. During at least one workweek within the last three (3) years, Collective Plaintiffs worked over 40 hours and also operated a truck weighing 10,000 pounds or less to deliver Defendant Bimbo's products to retailers.

49. Defendants compensated/compensate Class Plaintiffs by paying them a base salary plus commissions on proceeds generated from sales to retailers along their delivery routes.

50. Defendants did/do not pay Class Plaintiffs any additional compensation for hours worked beyond 40 per workweek.

51. Class Plaintiffs regularly worked/work over 40 hours per workweek.

52. Defendants did not require Class Plaintiffs to have prior sales experience when they hired them.

53. At all times relevant, the amount of sales that Class Plaintiffs made to a retailer along their delivery routes was mainly determined by the volume of the retailer's sales to its customers since Class Plaintiffs' last delivery.

54. Class Plaintiffs did/do not have the authority to hire or fire employees of Defendants.

55. Class Plaintiffs did/do not have the authority to schedule employees of Defendants.

56. Class Plaintiffs did/do not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

57. Accordingly, Class Plaintiffs were/are, within the meaning of the FLSA and the NJWHL, non-exempt hourly employees of Defendants.

58. Defendants failed/fail to pay Named Plaintiffs and Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

59. Moreover, Defendants failed to implement a system to track the number of hours worked each workweek by Named Plaintiffs and Class Plaintiffs.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

62. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

9

63. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

64. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

65. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiffs and Collective Plaintiffs overtime compensation for hours worked over 40 per workweek.

66. Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

67. As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and New Jersey Plaintiffs v. Defendants)**

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant herein, Defendants have and continue to be employers within the meaning of the NJWHL.

70. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs and New Jersey Plaintiffs.

71. At all times relevant herein, Named Plaintiffs and New Jersey Plaintiffs were/are employed with Defendants as an "employees" within the meaning of the NJWHL.

72. Defendants' conduct in failing to pay Named Plaintiffs and New Jersey Plaintiffs overtime compensation for all hours worked beyond 40 per workweek violated the NJWHL.

73. As a result of Defendants' unlawful conduct, Named Plaintiffs and New Jersey Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enters an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiffs and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiffs and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s Matthew D. Miller*
Matthew D. Miller, Esq.
Joshua S. Boyette, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: July 13, 2016

11

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTOPHER ODDO, PHILIP BRUCATO, and MICHAEL LENNON, on behalf of themselves and those similarly situated

**DEFENDANTS**
BIMBO BAKERIES U.S.A. INC, and JOHN DOES 1 - 10

**(b)** County of Residence of First Listed Plaintiff: Morris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Swartz Swidler LLC    Matthew Miller, Esq.
1101 Kings Hwy N. Ste 402, Cherry Hill NJ 08034
Tel.: (856) 685-7420    mmiller@swartz-legal.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. 201 et seq.
Brief description of cause:
Failure to Pay Overtime Compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 07/13/2016
SIGNATURE OF ATTORNEY OF RECORD: s/ Matthew D. Miller

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.